IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEITH MCDONALD,

    Plaintiff,

v.                                          Civil Action No. 3:08CV29

H. LEE HART,

    Defendant.

## MEMORANDUM OPINION

Keith McDonald, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### I. Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action is "malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. Nevertheless, the Court does not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., however, the Supreme Court abandoned that notion and explained that, although the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). The Supreme Court made clear that, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," id. at 1974, rather than "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## II. Allegations and Analysis

Plaintiff's allegations are restated verbatim, with capitalization corrected:

> This jail is overcrowded. They housing 3 to a cell which suppose to be 1, and they are also housing 2 people to a cell which supopse to be 1 person. . . . I feel like I am being dehumanizes as a human being because of the closeness of the other inmates, the germs and the privacy of one per inmate. Its a disgrace to live like an animal in modern time.

(Compl. at 2-3.) Plaintiff demands $1,000,000.00. Plaintiff names Sheriff H. Lee Hart as the sole defendant.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, Plaintiff fails to even mention Defendant Hart in the body of the complaint, much less allege, as he must, how Defendant Hart participated in a violation of his rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of respondeat superior is inapplicable to § 1983 actions). The indulgence shown to pro se litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Furthermore, Plaintiff has not identified what constitutional right Defendant Hart allegedly violated. To the extent that Plaintiff contends that his conditions of confinement violated the Eighth Amendment[1], he must

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

3

allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381). Here, Plaintiff has failed to allege any such injury. Thus, he has failed to state a claim for a violation of his rights under the Eighth Amendment.

If Plaintiff were a pretrial detainee at the time he filed the present complaint, his claim would be governed by the Fourteenth Amendment.[2] See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997). Even under that more lenient standard, Plaintiff fails to state a claim because he has failed to allege that the overcrowding caused any constitutionally significant injury. See id.; Powell v. Harris, No. 3:07cv01830, 2008 WL 2676776, at *2-3 (D.S.C. July 8, 2008); Mathias v. Mathias, No. 7:08-cv-00006, 2008 WL 190771, at *3-4 (W.D. Va. Jan. 18, 2008); Crook v. McGee, 2:07cv167-MTP, 2008 WL 53269, at *1-2 (S.D. Miss. Jan. 2, 2008). Thus, he has failed to state a claim for a violation of his rights under the Fourteenth Amendment. Accordingly, it is RECOMMENDED that the action be DISMISSED.

(Nov. 4, 2008 Report and Recommendation.) The Court advised McDonald that he could file objections or an amended complaint

---

punishments inflicted." U.S. Const. amend. VIII.

[2] "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

within ten (10) days of the date of entry thereof. McDonald has not responded.

**STANDARD OF REVIEW**

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005), cert. denied, 546 U.S. 1091 (2006).

**CONCLUSION**

There being no objections and upon review of the record and the Report and Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The

Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to McDonald.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 19, 2009
Richmond, Virginia